# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

JOHN EDWARD TAYLOR, *pro se*,

      Petitioner,

v.                                   CASE NO:  8:11-CV-1243-T-30TGW

SECRETARY, DEPARTMENT OF
CORRECTIONS and ATTORNEY
GENERAL, STATE OF FLORIDA,

      Respondents.

_____/

## ORDER

Petitioner John Edward Taylor (Taylor), an inmate in the Florida penal system proceeding *pro se*, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Dkt. #1).  The Court has considered the petition, Respondents' Response (Dkt. #6) and Petitioner's Reply (Dkt. #9).  Upon review of the pleadings and the record, the Court concludes that the petition should be denied.

## Background

The following facts are taken from Taylor's brief on direct appeal.  Taylor was arrested after buying cocaine from Deputy James Miller of the Pinellas County Sheriff's Office.  Deputy Miller was an undercover officer working street level narcotics.  He first met Taylor at a Chili's restaurant where they discussed the purchase of a kilo of cocaine, but Taylor declined to make a purchase that day.  Several days later, Deputy Miller arranged to

meet Taylor in the lobby/bar area of a hotel where Deputy Miller was to sell Taylor the kilo of cocaine for $22,000.

Deputy Miller met Taylor at the hotel where they discussed the purchase. Taylor made a telephone call, left, then returned with a green and white box that had a black bag inside containing a large amount of cash. Deputy Miller opened the bag outside of the hotel, then proceeded with Taylor to a hotel room that Deputy Miller had previously rented. Deputy Miller handed Taylor a kilo of cocaine in return for the cash. Taylor was then arrested.

The proceedings in the hotel room were videotaped without audio. From the video, one could see the exchange of a black bag from Taylor and a dark rectangle from Deputy Miller. It was Deputy Miller's testimony that described the cash inside the black bag and the cocaine inside the dark, rectangular box.

After the arrest, Taylor was taken into the bathroom to be interviewed. Detective Chris Walgaurnery conducted the interview. Detective Walgaurnery testified that, after reading Taylor his *Miranda* warnings, Taylor told him he had come to the hotel room to purchase cocaine and the money he brought was for that purpose. The interview was not taped.

Taylor was convicted by a jury on October 18, 2006, of trafficking in cocaine. The Court sentenced him to twenty years imprisonment, fifteen years minimum mandatory. Taylor filed a direct appeal raising two issues:

    (1)     The prosecutor's intentional misconduct during opening and closing, and the police testimony of a gun being found in Taylor's trunk, became a feature of the trial and its prejudicial effect on the jury requires reversal of the trafficking in cocaine conviction, and

    (2)     there was insufficient evidence of a knowing possession of a trafficking amount of cocaine.

Taylor's conviction was affirmed *per curiam. Taylor v. State*, 978 So. 2d 173 (Fla. 2d DCA 2008) (table).

Taylor then filed a motion with the appellate court asserting ineffective assistance of appellate counsel for failure to raise:

    (1)     trial counsel ineffectiveness for failing to object to inadequate jury instructions to assert affirmative defense and failure to request instruction on temporary possession, and

    (2)     a motion for judgment of acquittal for the state's failure to prove an element of the crime.

The motion was denied. *Taylor v. State*, 2 So. 3d 269 (Fla. 2d DCA 2009) (table).

Taylor then filed a 3.850 motion raising eight claims, almost all of which are raised in the present petition. The post-conviction court summarily denied the grounds, Taylor filed a motion for rehearing arguing that the post-conviction court misconstrued his arguments, and the post-conviction court denied the motion even though it acknowledged it had earlier misconstrued some of his arguments. Taylor appealed. The appellate court affirmed without opinion. *Taylor v. State*, 60 So. 3d 399 (Fla. 2d DCA 2010) (table).

Taylor then filed the instant habeas petition with this Court raising the following grounds:

**GROUND ONE:**   Defendant was denied constitutionally effective assistance of counsel as guaranteed by the Sixth Amendment to the United States Constitution as a result of his trial attorney's failure to object and move for mistrial on the basis that the State failed to present videotape evidence that Defendant confessed to the crime as stated by the prosecution during opening statement.

**GROUND TWO:**   Defendant was denied constitutionally effective assistance of counsel as guaranteed by the Sixth Amendment to the United States Constitution consequent to his trial attorney's failure to object and/or move for mistrial after improper comments were made by the State during trial.

**GROUND THREE:**   Defendant was denied constitutionally effective assistance of counsel as guaranteed by the Sixth Amendment to the United States Constitution due to his trial counsel's failure to object and move for mistrial after the prosecution elicited testimony concerning prior criminal conduct which amounted to *Williams* Rule evidence being admitted to the jury.

**GROUND FOUR:**   Defendant was denied constitutionally effective assistance of counsel as guaranteed by the Sixth Amendment to the United States Constitution as a result of his trial attorney's failure to motion the court to limine and/or exclude evidence that had no relevancy, or if found to be relevant, its probative value was outweighed by the danger of unfair prejudice to Petitioner.

**GROUND FIVE:**   Defendant was denied constitutionally effective assistance of counsel as guaranteed by the Sixth Amendment to the United States Constitution as a result of his trial attorney's failure to move the court for mistrial on the basis of the state's repeated violation of the defense's motion in limine concerning the gun found in Petitioner's car as granted by the court.

**GROUND SIX:**   Defendant was denied constitutionally effective assistance of counsel as guaranteed by the Sixth Amendment to the United States Constitution as a result of his trial attorney's for failing to move the court for mistrial on the State's violation of its own motion to limine.

**GROUND SEVEN:**   Defendant was denied constitutionally effective assistance of counsel as guaranteed by the Sixth Amendment to the United States Constitution as a result of his trial attorney's failure to object to and motion for mistrial after the trial court's failure to permit his re-cross examination of two witnesses.

**GROUND EIGHT:**  Defendant was denied constitutionally effective assistance of counsel as guaranteed by the Sixth Amendment to the United States Constitution as a result of appellate counsel's failure to raise meritorious issue on appeal.

The Respondent does not dispute that the petition is timely.

## Standard of Review

All of Taylor's grounds involve claims of ineffective assistance of counsel.  The law regarding ineffective assistance of counsel claims is well settled and well documented.  In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court set forth a two-part test for analyzing ineffective assistance of counsel claims:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland*, 466 U.S. at 687.

*Strickland* requires proof of both deficient performance and consequent prejudice. *Strickland*, 466 U.S. at 697 ("There is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."); *Sims*, 155 F.3d at 1305 ("When applying *Strickland*, we are free to dispose of ineffectiveness claims on either of its two grounds."). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's

challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id*. at 690. *Strickland* requires that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id*. at 690.

Petitioner must demonstrate that counsel's error prejudiced the defense because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id*. at 691-92. To meet this burden, Petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694.

## Discussion

**GROUND ONE:**   Defendant was denied constitutionally effective assistance of counsel as guaranteed by the Sixth Amendment to the United States Constitution as a result of his trial attorney's failure to object and move for mistrial on the basis that the State failed to present videotape evidence that Defendant confessed to the crime as stated by the prosecution during opening statement.

In support of ground one, Taylor makes the following argument:

Defendant was charged with trafficking in cocaine after his arrest during a reverse drug sting.  The incident resulting in his arrest occurred in a motel room during which Defendant allegedly showed up to buy cocaine.  The contraband involved was a flash kilo of cocaine concealed in a beer box. Defendant was not allowed to examine the cocaine.  Video surveillance showed Defendant in the room conversing with undercover detectives but contained no audio.  Takedown officers entered the room after Defendant received the package containing the cocaine and Defendant was placed under arrest before opening or inspecting the contents of the package.

Defendant's fingerprints were not found on the actual package containing the cocaine and no physical evidence tending to show Defendant's guilt. The State's case at trial relied upon the testimony of the officers involved in the reverse sting that Defendant knew he was there to purchase cocaine and testimony that Defendant confessed to knowing he was there to purchase cocaine. Said confession allegedly took place in the restroom of the hotel room away from the camera video of the alleged transaction. No audio or video of the alleged statement was admitted during trial or even proven to exist.

During opening statement, the prosecution advised the jury that Officer Raymond Decunto and Christian Walgaurney talked with Defendant, read him his *Miranda* rights and secured a confession from him in which he admitted to the crime. The prosecutor further advised the jury that the confession was on video and that the video was going to be shown to them. Such comment was as follows:

> Now a lot is going to be made of that, about whether that happened by defense counsel, but two people are going to come up here under oath with no reason to lie and tell you that he said that. Ladies and gentlemen, they don't have to lie *because its on video, and I'm going to show you that video.*

Despite assuring the jury such video would be shown, the State failed to introduce any video evidence showing Defendant confessing to the crime as promised to the jurors.

The gravamen of Taylor's argument is that his lawyer performed deficiently for not moving for a mistrial because the prosecutor made a misstatement in his opening by stating that the confession, rather than only the transaction, was on depicted on video. This argument presumes that such a motion, if made, would have been granted. To the contrary, a mistrial will not be declared unless the misstatement infects the trial with such unfairness that it violates the fundamental due process rights of a defendant. Such is not the case here.

A misstatement that certain evidence will be forthcoming is often used to undermine the overall credibility of the declarant when the evidence fails to appear.  Here, defense counsel adequately pointed out to the jury, that, contrary to the state's promise, the confession was not recorded.  Defense counsel brought this out in the cross examination of Detective Walgaurnery and also in closing argument.

A motion for mistrial on this ground would have been meritless.  It is not deficient performance to fail to make a meritless motion.  Therefore, ground one fails.

**GROUND TWO:**  Defendant was denied constitutionally effective assistance of counsel as guaranteed by the Sixth Amendment to the United States Constitution consequent to his trial attorney's failure to object and/or move for mistrial after improper comments were made by the State during trial.

In support of ground two, Taylor contends his counsel was ineffective by failing to object and move for a mistrial on the basis of the prosecutor's bolstering of police officers' testimony and injecting his personal opinion about Taylor's guilt during the course of the trial.  Taylor points to four examples of what he claims was improper bolstering -- one during opening, one on direct examination, and two on closing.  During opening and closing, the prosecutor made statements that the officers had "no reason to lie" and in the re-direct examination of Detective Walgaurnery, the prosecutor asked if he had "any reason to lie."

The post-conviction court denied this ground and in her Order on Taylor's motion for rehearing explained:

> Defendant argues that claim two of his motion was improperly denied because it was not conclusively refuted by the record.  He claims that contrary to this Court's conclusion, counsel did not object when the prosecutor asked the officer if he "had a reason to lie."

Although counsel interjected during this question, the Court agrees that this interruption was insufficient to refute Defendant's claim. Nevertheless, the question did not amount to improper bolstering. *See Smith v. State*, 818 So. 2d 707, 709-710 (Fla. 5th DCA 2002) ("Comments by the prosecutor asking the jurors to evaluate what motive a police officer would have to deceive them is not improper when made in connection with evaluating a witness' credibility."). As a result, Defendant has failed to demonstrate that he was prejudiced by counsel's alleged error as required under *Strickland*. Accordingly, these ground do not establish a basis for relief.

Order on Defendant's Motion for Rehearing, Dkt. #13, p. 11. The state post-conviction court did not unreasonably apply federal law in concluding that the statements by the prosecutor was not improper bolstering. It is appropriate for counsel on either side to bring to the jury's attention whether a witness has a motive to lie. Taylor cites no federal law to the contrary.

Taylor next complains that the prosecutor gave his personal opinion in arguments to the jury by making the following comments:

(1)    "You have to decide is it between 28 and 200, 200 and 400, or 400 and 150 kilograms. And I would submit to you that, obviously, it's choice C, and that's only obvious, of course, if you believe the Defendant is guilty of trafficking in cocaine, which I believe he is." T. 390.

(2)    "Do the right thing and find Petitioner guilty."

For the second statement, Taylor gives no citation to the record. In his state post-conviction motion, he cited to T. 398. But T. 398 is part of the Court's instructions to the jury, not closing argument. The Court will assume, however, that the second statement was made as claimed by Taylor. Taylor is correct that the first statement is an improper statement of personal opinion on the part of the prosecutor. Taylor is incorrect about the second statement -- it is not a statement of personal opinion. It is a statement of persuasion.

The issue before the Court is whether Taylor's trial counsel was ineffective for failing to object and move for a mistrial when the prosecutor made the first statement in closing argument. Trial counsel is in a difficult position -- if he objects, he calls additional attention to what the prosecutor is saying. So trial counsel must strategically weigh when to make objections during the prosecutor's closing. But here, had defense counsel objected and moved for mistrial, the motion would have been denied. The most the trial court would have done under these circumstances is to instruct the jury to disregard the comment, but would not have granted a new trial on the basis of that one errant statement.

This statement by the prosecutor does not merit habeas relief under federal law. When a prosecutor impermissibly bolsters the credibility of a witness or interjects his personal view of the evidence, a federal court will only grant habeas relief where the comments so permeated the trial as to constitute a fundamental violation of due process. As the Second Circuit Court of Appeal has explained:

> "A prosecutor's improper summation results in a denial of due process when the improper statements cause substantial prejudice to the defendant." *United States v. Modica*, 663 F. 2d 1173, 1181 (2d Cir. 1981). In determining whether this misconduct amounted to substantial prejudice, we examine " 'the severity of the misconduct; the measures adopted to cure the misconduct; and the certainty of conviction absent the improper statements.' " *Floyd v. Meachum*, 907 F. 2d 347, 355 (2d Cir. 1990) (quoting *Modica,* 663 F. 2d at 1181).
>
> While we do not condone trial misconduct, the prosecutor's improper behavior, limited as it was to the summation, did not permeate the trial.

*Bradley v. Meachum*, 918 F. 2d 338, 343 (2d Cir. 1990).

Here, the conduct was not severe -- it was a single statement.  It was made during

closing argument, and the trial court had instructed the jury at the beginning of the trial that

arguments of counsel were not evidence.  T. 152.  And in light of the videotape and the

officers' testimony, this statement did little to add to the weight of the evidence.

Therefore, the state post-conviction court did not unreasonably apply federal law in

denying this claim, and it will be denied here.

**GROUND THREE:**   Defendant was denied constitutionally effective assistance of counsel
as guaranteed by the Sixth Amendment to the United States Constitution due to his trial
counsel's failure to object and move for mistrial after the prosecution elicited testimony
concerning prior criminal conduct which amounted to *Williams* Rule evidence being admitted
to the jury.

In support of ground three, Taylor states:

During the prosecution's direct examination of Officer James Miller,
testimony was intentionally elicited pertaining to Petitioner's commission for
(sic) other criminal acts that he was not being tried for.  Specifically, Officer
Miller testified that on a separate occasion days before the reverse sting,
Petitioner admitted to buying a half of kilo of cocaine from a "white dude."
Such elicitation was as follows:

[State]:  Did he also mention any prior instance that led him to
want to examine the cocaine?

\* \* \* \* \*

[Miller]: I recall him saying, "you have to be careful who you're
dealing with."  I felt he was trying to put me at ease and as part
of that conversation he told me that he bought a half, which
based on my training and experience is meant to mean a half of
kilo of cocaine that had an acetol (phonetic) inside of it.

And he told me that he wanted to have a chance to examine the
cocaine, break it in half.  I think it was feel it, touch it and break
it in half to make sure that he wasn't getting the shaft end of the

stick and I believe he referred to the person who sold him that
as another white dude.

Such testimony was impermissible as it advised the jury that Petitioner had
bought a half of a kilo of cocaine on a previous occasion, an occasion in which
the Petitioner was not on trial for.  Under Florida law, the trial court would
have been required to grant a mistrial motion on the basis of the prosecution's
remark during closing argument which suggested, without any evidentiary
basis, that Petitioner previously had been involved in drug trafficking.  The
prosecution's intentional interjecting of this uncharged crime and evidence of
his prior criminal conduct was tantamount to *Williams*'s Rule evidence under
section 90.404, Florida Statutes (2009).  Accordingly, such testimony was
impermissible where the State failed to give prior notice of its intent to rely
upon the same.

Petition, Dkt. #1, p. 10.  The post-conviction court denied this claim on the grounds that the

evidence was admissible to show Taylor's knowledge and absence of mistake -- not his

character or propensity.

Evidence of a prior criminal act extrinsic to the crime in question is inadmissible

under both Florida and federal law except for certain exceptions, including showing

knowledge or absence of mistake.[1]  Here, Taylor's testimony about his own prior criminal

conduct was admissible for two reasons:

(1)     It was not offered to show his character, but rather to explain why his intent

and plan was to actually see the cocaine prior to the purchase, and

---

[1] See Florida Statute § 90.404(2)(a), and 18 U.S.C. § 404(b).  Federal Rule of Evidence 404(b)
provides:  Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in
order to show action in conformity therewith.  It may, however, be admissible for other purposes, such as
proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident,
provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice
in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general
nature of any such evidence it intends to introduce at trial.

(2)     the statement was intrinsic, not extrinsic, to the crime at hand.  Taylor was

explaining why he wanted to carry out the transaction in a certain manner.

The state post-conviction court did not unreasonably apply federal law in denying this

claim and it will be denied here.

**GROUND FOUR:**  Defendant was denied constitutionally effective assistance of counsel
as guaranteed by the Sixth Amendment to the United States Constitution as a result of his
trial attorney's failure to motion the court to limine and/or exclude evidence that had no
relevancy, or if found to be relevant, its probative value was outweighed by the danger of
unfair prejudice to Petitioner.

In support of ground four, Taylor argues:

Petitioner was arrested inside a hotel room for trafficking in cocaine during a
reversed sting operation.  According to arresting officers present during the
arrest, Petitioner allegedly gave a statement to deputies, while still in the hotel
room, that he also had a gun and marijuana inside his mother's rental car.
Deputies searched the car and retrieved a gun and marijuana from within it.
Deputies then placed Petitioner under arrest for possession of a firearm by
convicted felon, in addition to the trafficking charge he had already been
charged with.

Petitioner was never charged in the discovery of the marijuana.  He was tried
separately for the felon possession of firearm charge and trafficking in cocaine.

* * * * *

The marijuana found in the car Petitioner drove to the incident, a car rented by
his mother, was found after Petitioner's arrest on the trafficking in cocaine that
occurred inside the hotel, and therefore had no relevancy to the trafficking in
cocaine charge for which Petitioner was being tried.  The post-arrest marijuana
evidence found in his mother's rental car did not tend to prove or disprove the
material fact of whether to not Petitioner knowingly purchased cocaine from
authorities inside the hotel room.  Such evidence therefore had no probative
value to the trafficking charge and was highly prejudicial to Petitioner.

Petition, Dkt. #1, pp. 12-13.

The state post-conviction court denied this ground because Taylor was mistaken in saying that his counsel had not objected at trial.  His counsel did object to the evidence about the marijuana in the car.  The trial court overruled the objection because it was Taylor's voluntary statement after *Miranda* warnings.

This ground fails because the record shows that the attorney did not perform as claimed by Taylor -- counsel did object to the evidence in question.  This ground will be denied.

**GROUND FIVE:**  Defendant was denied constitutionally effective assistance of counsel as guaranteed by the Sixth Amendment to the United States Constitution as a result of his trial attorney's failure to move the court for mistrial on the basis of the state's repeated violation of the defense's motion in limine concerning the gun found in Petitioner's car as granted by the court.

In ground five, Taylor argues that his trial counsel was ineffective for failing to move for a mistrial because of the numerous times his possession of a gun was mentioned during the trial.  He acknowledged that his trial counsel was quite diligent in trying to prevent this evidence by filing a motion in limine, which was granted, and objecting during the trial (for example see T. 280-81), but faults him for not also moving for a mistrial.  Taylor states:

> As stated in above, Petitioner's trial attorney during his first trial, which ended with a hung jury, successfully moved the trial court for limine on any potential reference or argument pertaining to the gun found in the vehicle Petitioner drove to the location of the alleged reversed sting.  Trial counsel during the second trial renewed such motion in addition to the motion to sever the possession of firearm from the trafficking in cocaine charge.  Both motions were granted by the trial court prohibiting the prosecution from making any mention of the gun found.
>
> Prior to jury selection of Petitioner's second trial, the trial court reviewed the previous motions in limine and reiterated that the previous rulings from the

first trial would remain in effect in the second trial.  Such ruling was very important to Petitioner's case given it prohibited the State from introducing any evidence or testimony concerning the gun that found in Petitioner's vehicle after his arrest.

Notwithstanding such limine however, the prosecution repeatedly violated the trial court's order by mentioning or eliciting testimony from witnesses (police officers) related to the gun; there were at least nine different references to the gun by the prosecution.

\* \* \* \* \*

Petitioner contends the above comments and testimony permeated the entire second trial, and were so prejudicial that they invalidated the entire proceeding where the jury heard Petitioner had a gun in his car no less than 13 times, including four times from four different police officers.  Petitioner however was not on trial for anything related to guns or armed trafficking.  Hence, mentioning the gun was unduly prejudicial with no probative value or relevance to the elements of the trafficking.

Petition, Dkt. #1, p. 15.

Taylor faults his counsel for failing to make a motion for mistrial to the same trial judge that had overruled each of counsel's objections to the evidence coming in.  Taylor has failed to demonstrate why that trial judge, having allowed each of the comments in question in spite of the motion in limine, would have granted a mistrial motion.  In this regard, Taylor has not carried his burden and this ground fails.

Since any motion for mistrial would have been denied, trial counsel cannot be deemed ineffective for failing to make it.  Because there was no deficient performance in this regard on the part of defense counsel, this ground fails.

**GROUND SIX:**   Defendant was denied constitutionally effective assistance of counsel as guaranteed by the Sixth Amendment to the United States Constitution as a result of his trial attorney's for failing to move the court for mistrial on the State's violation of its own motion to limine.

In ground six, Taylor argues that his counsel was ineffective to move for a mistrial when the state violated its own motion in limine that no reference be made during the trial to whether charges had, or had not, been filed against Taylor's two co-defendants. Specifically, Taylor argues:

> At the beginning of Petitioner's second trial, the trial court reiterated the fact that there would be no references made as to whether or not any charges were filed against co-Petitioners Gerson Morales and Jorge Fidel.  Such admonition was in accordance with the State's motion in limine filed during Petitioner's first trial.

> During closing arguments however, the State violated that court order by arguing to the jury that the co-Petitioners were involved in the trafficking offense.  The comments were as follows:

>> But what do we know, though?  What does everyone absolutely agree on?  Were they involved?  Absolutely, they were involved.  Him and his uncle were involved.  They were.  But that is for a different day, a different time.  We all agree.  We all talked about it.

> Subsequent to such comment, defense counsel immediately objected and requested counsel approach the bench.  After much discussion, the trial court ultimately sustained trial counsel's objection.  The State was allowed to resume their argument, but no curative instruction was issued by the court.

Petition, Dkt. #1, pp. 17-18.

The state post-conviction court denied this claim because Taylor was incorrect in contending that the state had violated its own motion in limine.  The post-conviction court said:

> Defendant alleges that counsel was ineffective for failing to move for a mistrial when the State repeatedly violated the Court's order prohibiting references as to whether charges had been filed against co-defendants. Specifically, Defendant refers to statements made during the State's closing argument concerning the involvement of the co-defendants.
>
> This claim has no merit.  A review of the record indicates that the State's motion in limine precluded any reference as to whether charges had been filed against co-defendant's Gerson Morales and Jorge Vidal. [*See Exhibit F: Trial Transcript, p. 11/ln. 11*].  During closing arguments, the State merely made reference to the co-defendant's involvement, not to whether any charges had been filed against them. [*See Exhibit G: Trial Transcript, pp. 384-385*]. Therefore, the State did not violate its own motion in limine.  Accordingly, this claim is denied.

Order Denying Defendant's Motion for Post-Conviction Relief, Exh. 11, p. 4.

Since the state post-conviction court did not make an unreasonable finding of fact or unreasonably apply federal law, this ground will be denied.

**GROUND SEVEN:**  Defendant was denied constitutionally effective assistance of counsel as guaranteed by the Sixth Amendment to the United States Constitution as a result of his trial attorney's failure to object to and motion for mistrial after the trial court's failure to permit his re-cross examination of two witnesses.

**GROUND EIGHT:**  Defendant was denied constitutionally effective assistance of counsel as guaranteed by the Sixth Amendment to the United States Constitution as a result of appellate counsel's failure to raise meritorious issue on appeal (the failure to give a jury instruction on knowledge that the substance was cocaine).

> In his Reply, Taylor concedes that his grounds seven and eight are not well-taken.

> Petitioner does however concede that the jury was instructed that Petitioner had to know that the substance was cocaine or a mixture containing cocaine.

In addition, Petitioner will forego urging relief on Ground Seven of his petition.

Reply, Dkt. #9, p. 2.

## **Conclusion**

Having addressed each claim, and concluded that none has merit, the Court will deny the Petition.  It is therefore ORDERED AND ADJUDGED that:

1.      The petition for writ of habeas corpus (Dkt. #1) is DENIED.

2.      The Clerk is directed to enter judgment in favor of Respondents and against the Petitioner, terminate any pending motions, and close this file.

### CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1).  Rather, a district court must first issue a certificate of appealability (COA).  Id.  "A [COA] may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2).  To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463

U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

**DONE** and **ORDERED** in Tampa, Florida on June 27, 2012.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

<u>**Copies Furnished To**</u>:
Counsel/Parties of Record

*F:\Docs\2011\11-cv-1243.deny 2254.wpd*